IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TRAKILISHA SIMMONS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:17-CV-376 (CAR) |
| **FIRST PREMIER BANK, N.A.,** and | : | |
| **DOES 1-10 inclusive,** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON JOINT MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Before the Court is the parties' Joint Motion to Compel Arbitration and Stay Proceedings. Plaintiff Trakilisha Simmons filed this action against Defendant First Premier Bank, N.A. alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-399. ("FBPA"), due to alleged "robocalls" made to Plaintiff by Defendant. For the reasons stated below, the parties' Motion [Doc. 8] is **GRANTED IN PART** and **DENIED IN PART**.

In the instant Motion, the parties represent they have entered into an arbitration agreement, attached as Exhibit A, and request the Court compel arbitration, stay all proceedings, and reserve jurisdiction to enforce the final award of the arbitrator. The parties' arbitration agreement states it is governed by the Federal Arbitration Act, 9

U.S.C. § 1 *et seq.* ("FAA"),  that arbitration is final and binding, and that it applies to all claims "regardless of legal theory and remedy sought, including, but not limited to claims based in . . . statutory law (federal and state)."[1] Because the FAA governs the dispute between the parties, the Court is obligated to compel arbitration.[2] However, the Court finds that when all claims are subject to arbitration, the proper course of action is not to stay all proceedings, but to dismiss the case without prejudice.[3] "Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose."[4]

Therefore, the parties' Motion [Doc. 8] is **GRANTED** as to compelling arbitration in this case, but **DENIED** as to staying the proceedings and retaining jurisdiction. Thus, Plaintiff's Complaint is **DISMISSED with prejudice**.  Accordingly, the Clerk is **DIRECTED** to administratively close this case.

**SO ORDERED,** this 14th day of March, 2018.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Joint Motion to Compel, Ex. A, [Doc. 8-1].
[2] *See* 9 U.S.C. § 4; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).
[3] *See, e.g.*, *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (emphasis in original); *see also Athon v. Direct Merchants Bank*, No. 5:06-CV-1 (CAR), 2007 WL 1100477, at *6 (M.D. Ga. Apr. 11, 2007), *aff'd*, 251 F. App'x 602 (11th Cir. 2007); *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004), *aff'd*, 428 F.3d 1359, 1365 (11th Cir. 2005).
[4] *Alford*, 975 F.2d at 1164.